[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11698
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-00617-TGW


JUMPSTART OF SARASOTA LLC,
a Florida Limited Liability Company,
f.k.a. ClinNet Solutions LLC,

Plaintiff - Appellant,

versus

ADP SCREENING AND SELECTION SERVICES, INC.,
a Colorado corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 16, 2015)

Before MARCUS, COX, and BLACK, Circuit Judges.

PER CURIAM:

ADP Screening and Selection Services, Inc. ("ADP") purchased most of the assets of Jumpstart of Sarasota, LLC ("Jumpstart") in 2004.  On February 25, 2011, Jumpstart filed suit against ADP alleging breach of the Asset Purchase Agreement ("the Agreement").

Section 11.3 of the Agreement provided that the Agreement "shall be governed in all respects by the laws of the State of New York applicable to contracts made and wholly performed" in New York. (Agreement, Pl.'s Ex. 1, at 44).  Section 11.10 of the Agreement required that any action or proceeding relating to the Agreement would be filed in Saraso ta County, Florida, or the Middle District of Florida. (*Id.* at 46).

The case was tried non-jury by a magistrate judge by consent of the parties. Following trial, the magistrate judge concluded that the action was barred by Florida's five-year statute of limitations applicable to contract actions and dismissed the action.  Jumpstart appeals.

Jumpstart presents a single issue on this appeal: whether the five-year Florida statute of limitations for breach of contract actions is applicable to this case by reason of New York's "borrowing statute," N.Y. C.P.L.R. § 202, or whether the parties effectively contracted to apply New York's six-year statute of limitations for breach of contract actions.

2

We have carefully considered the briefs of the parties, and the relevant cases, and we conclude that the magistrate judge properly concluded (1) that in this diversity case the law of the forum (Florida) provides the choice-of-law rules; (2) that the choice-of-law provision in Section 11.3 of the Agreement, which applies New York law as if the contract were "made and wholly performed" in New York, is enforceable under Florida's choice-of-law rules; (3) that New York's "borrowing statute," N.Y. C.P.L.R. § 202, applies; (4) that New York's borrowing statute adopts the statute of limitations of the place where the action accrued, if it is shorter than New York's statute of limitations; (5) that, under New York law, this action accrued in Florida on March 1, 2005; and (6) that this action is, therefore, barred by Florida's five-year statute of limitations.  The magistrate judge's opinion (with which the parties are familiar) analyzes all of the issues on pages 17 through 24 of its Order. (Doc. 51).  We agree with the magistrate judge's analysis and find no reversible error.

**AFFIRMED.**[1]

---

[1] We raised a jurisdictional issue relating to the Notice of Removal.  We find that there is record evidence to establish diversity jurisdiction under 28 U.S.C. § 1332.

3